IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. 23-cr-00099-PX |
| v. | * | |
| | * | (Filing False Tax Returns, 26 U.S.C. |
| ORIN WAYNE SOLOMON, | * | § 7206(1); Theft of Government Funds, |
| | * | 18 U.S.C. § 641; Attempt to Evade or |
| Defendant | * | Defeat Tax, 26 U.S.C. § 7201; Failure |
| | * | to File Tax Returns, 26 U.S.C. § 7203; |
| | * | Bank Fraud, 18 U.S.C. § 1344) |
| | * | |

*******

## INDICTMENT

The Grand Jury for the District of Maryland charges that:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise specified:

### The Defendant and His Entities

1. Defendant Orin Wayne Solomon, ("**SOLOMON**") resided in Glenn Dale, Maryland.

2. **SOLOMON** owned and operated Anjacor Marketing, Inc. ("Anjacor") a subchapter-S corporation that sold telecommunications services and other products on behalf of a nationwide multi-level marketing company.

3. Between 2014 and 2020, **SOLOMON** obtained tax identification numbers for at least five trusts: the Orin Solomon Family Trust ("OSFT"), the Orin Wayne Solomon Trust ("OWST # 1"), a second trust also called the Orin Wayne Solomon Trust ("OWST # 2"), Lion Ministries Trust ("LMT"), and Mystic River Ministries Trust ("MRMT").

**Fraudulent Tax Refund Claims**

4. An Internal Revenue Service ("IRS") Form 1040, U.S. Individual Income Tax Return ("Form 1040") was a tax return filed with the IRS in the name of an individual taxpayer that reported, among other items, the taxpayer's income, deductions, and credits to determine the amount of tax owed by, or the amount of tax refund due to, the taxpayer. An IRS Form 1040X, Amended U.S. Individual Income Tax Return ("Form 1040X") was a form that taxpayers used to make changes to a previously-filed Form 1040.

5. An IRS Form 1120-S, U.S. Income Tax Return for an S Corporation ("Form 1120-S") was a tax return filed with the IRS in the name of a domestic corporation that elected to be treated as a subchapter-S corporation to report its income, gains, losses, deductions, and credits.

6. An IRS Form 1041, U.S. Income Tax Return for Estates and Trusts ("Form 1041") was a tax return filed with the IRS by the fiduciary of a domestic decedent's estate, trust, or bankruptcy estate to report the income, deductions, gains, losses, etc., of the estate or trust; the income that is either accumulated or held for future distribution or distributed currently to the beneficiaries; and any income tax liability of the estate or trust.

7. Between 2017 and 2022, **SOLOMON** filed and caused to be filed at least 15 false Forms 1040, 1040X, 1120-S, and 1041 for himself, Anjacor, OSFT, and OWST # 1 on which he claimed a total of nearly $65 million in income tax refunds that neither he, Anjacor, nor the trusts were entitled to receive. Specifically, the returns sought refunds in the following amounts:

| TAX RETURN | APPROXIMATE DATE OF FILING | REFUND CLAIMED |
|---|---|---|
| 2014 Form 1040X for Orin Solomon | December 9, 2019 | $76,859 |
| 2015 Form 1040X for Orin Solomon | January 19, 2017 | $512,910 |
| 2015 Form 1040X for Orin Solomon | October 18, 2017 | $214,409 |
| 2015 Form 1040X for Orin Solomon | December 31, 2019 | $120,430 |
| 2016 Form 1040 for Orin Solomon | April 15, 2017 | $1,330,465 |
| 2014 Form 1120S for Anjacor Marketing, Inc. | October 23, 2017 | $1,334,981 |
| 2015 Form 1120S for Anjacor Marketing, Inc. | October 23, 2017 | $1,131,562 |
| 2014 Form 1041 for Orin Solomon Family Trust | December 27, 2017 | $15,847,874 |
| 2014 Form 1041 for Orin Solomon Family Trust | March 16, 2021 | $9,573,827 |
| 2016 Form 1041 for Orin Solomon Family Trust | March 12, 2021 | $3,820,559 |
| 2017 Form 1041 for Orin Solomon Family Trust | March 12, 2021 | $3,838,586 |
| 2018 Form 1041 for Orin Solomon Family Trust | July 1, 2019 | $13,205,918 |
| 2018 Form 1041 for Orin Solomon Family Trust | April 12, 2021 | $4,451,505 |
| 2019 Form 1041 for Orin Solomon Family Trust | January 29, 2021 | $8,911,748 |
| 2021 Form 1041 for Orin Wayne Solomon Trust | October 17, 2022 | $344,942 |

8.  In or around 2017, the IRS issued a refund in the amount of approximately $392,449 in response to the fraudulent refund claim that **SOLOMON** made on his 2015 Form 1040X filed on or about January 19, 2017. The IRS applied the refund amount to liabilities that **SOLOMON** owed for tax years 2006 through 2011.

9.  In or around February 2019, the IRS issued a U.S. Treasury Check in the amount of approximately $10,087,288.84 to OSFT in response to the fraudulent refund claim that

3

Case 8:23-cr-00099-PX   Document 1   Filed 03/22/23   Page 4 of 16

SOLOMON made on OSFT's 2014 Form 1041. On or about February 11, 2019, SOLOMON deposited the refund check into OSFT's bank account. SOLOMON then used the funds and caused the funds to be used to purchase, among other things, a house, a luxury automobile, silver coins, and life insurance policies. SOLOMON also transferred more than $1 million of the refund proceeds to the individual who prepared OSFT's 2014 Form 1041.

10.   SOLOMON filed one of the false refund claims – a 2021 Form 1041 for OWST # 1 – after being notified by IRS special agents that he was under criminal investigation for filing false refund claims on other tax returns, including Forms 1041.

### Evasion of Solomon's Tax Liabilities (2010-2014)

11.   For at least the tax years 2000 and 2006 through 2014, SOLOMON filed Forms 1040 on which he reported that he owed individual income taxes to the IRS. However, for those years, SOLOMON failed to pay the taxes due. The IRS attempted to collect SOLOMON's unpaid taxes by, among other means, placing liens on real property he owned.

12.   SOLOMON attempted to prevent the IRS from collecting his unpaid liabilities for the years 2010 through 2014 by numerous means, including, but not limited to submitting fake financial instruments to the IRS in purported payment of his liabilities; falsely claiming in correspondence to the IRS that he had paid his tax liabilities in full; paying personal expenses from business bank accounts instead of accounts in his own name; registering an automobile in the name of LMT; and transferring title to his personal residence to MRMT.

### Evasion of Taxes Due on Anjacor's Business Income (2017-2021)

13.   A Schedule K-1 was an IRS form issued annually to report a partner's share of a partnership's earnings, losses, deductions, and credits. Schedules K-1 were issued to shareholders in a subchapter-S corporation. A copy of each Schedule K-1 issued to a shareholder

4

in a subchapter-S corporation was filed with the IRS as part of the corporation's Form 1120-S. Each shareholder in a subchapter-S corporation was required to report his share of the corporation's income on his Form 1040 or other individual income tax return.

14. For at least the years 2017, 2018, 2020, and 2021, **SOLOMON** filed Forms 1120-S on behalf of Anjacor on which he reported Anjacor's gross receipts and business expenses. On each of these returns, **SOLOMON** reported that Anjacor had business income.

15. Prior to and including tax year 2015, Anjacor's Forms 1120-S contained Schedules K-1 that listed **SOLOMON** as the sole shareholder of Anjacor and identified him by his Social Security Number.

16. For tax year 2017, **SOLOMON** filed a Form 1120-S on behalf of Anjacor that did not include a Schedule K-1.

17. For tax years 2018 through 2021, Anjacor's Forms 1120-S included Schedules K-1 that listed the tax identification number for OWST # 2 instead of **SOLOMON's** Social Security Number.

18. Prior to and including the 2016 tax year, **SOLOMON** reported income from Anjacor on Forms 1040 he filed jointly with his wife. For the tax years 2017 through 2021, however, **SOLOMON** failed to file Forms 1040 to report his income from Anjacor and other sources. **SOLOMON** also did not file a Form 1041 on behalf of OWST # 2 for those years. Because neither **SOLOMON** nor OWST # 2 filed tax returns, no income tax was paid on Anjacor's business income for the years 2017 through 2021.

19. During the years 2017 through 2021, **SOLOMON** paid substantial personal expenses, including expenses for himself, his wife, and his children, from Anjacor's business bank account, including, but not limited to, tuition for his children, personal training sessions and

other fitness-related expenses, medical and dental expenses, and expenses relating to his personal residence and a property that his wife owned.

### Paycheck Protection Program Loan Fraud

20. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans suffering from the economic consequences of COVID-19.

21. The CARES Act authorized forgivable loans to small businesses for employee retention and certain business expenses through a program called the Paycheck Protection Program ("PPP"). The PPP authorized qualifying small businesses and other organizations to receive loans guaranteed by the Small Business Administration ("SBA"). Each recipient business was required to use PPP loan proceeds on payroll costs, mortgage interest, rent, and utilities. Loan forgiveness of the PPP loan principal was possible if the loans were spent on qualifying expenses.

22. To calculate the amount of PPP funding for a particular loan, the SBA used the loan applicant's number of employees and average monthly payroll costs.

23. Bank A, which was headquartered in New Jersey, was a bank with deposits that were insured by the Federal Deposit Insurance Corporation, and was engaged in interstate commerce during the entirety of the investigation, and constituted a "financial institution" within the meaning of 18 U.S.C. § 20. Bank A was a participating lender under the PPP.

24. On or about July 28, 2020, **SOLOMON**, acting on behalf of Anjacor, submitted a PPP loan application and related materials to Bank A and to Company A, a third-party loan processor. On the loan application, **SOLOMON** falsely stated that Anjacor had 22 employees and an average monthly payroll of $91,605.

25. In connection with the PPP loan application, **SOLOMON** also submitted to Bank A and Company A, a false IRS Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return ("Form 940") for tax year 2019 for Anjacor and a false IRS Form 941, Employer's Quarterly Federal Tax Return ("Form 941") for the first quarter 2020 for Anjacor to support the payroll information provided on the loan application. The Form 940 and Form 941 reported that they had been prepared by a commercial payroll service, when, in fact, the payroll service had not prepared those tax returns. Additionally, the Form 940 and Form 941 were never filed with the IRS.

26. Based on the representations **SOLOMON** made on the loan application and related documents, on or about August 26, 2020, Company A, acting on behalf of Bank A, deposited loan proceeds of $229,012 into Anjacor's bank account.

## COUNTS ONE THROUGH FOURTEEN
### (Filing False Tax Returns)

27. The allegations of paragraphs 1 through 10 are realleged and incorporated herein as if set out in full herein.

28. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

**ORIN WAYNE SOLOMON,**

willfully made and subscribed the false tax returns set forth below for the calendar years set forth below, which were verified by written declarations that they were made under the penalties of perjury and which **SOLOMON** did not believe to be true and correct as to every material matter. Those tax returns reported tax payments and tax withholdings and claimed refunds in the amounts set forth below, whereas, as **SOLOMON** knew, there had not been tax payments and

-
-

tax withholdings in the amounts reported on the returns and **SOLOMON** and his entities were not entitled to the refunds claimed.

| COUNT | TAX RETURN | APPROXIMATE DATE OF FILING | FALSE ITEM(S) |
|---|---|---|---|
| 1 | 2014 Form 1040X for Orin Solomon | December 9, 2019 | Line 16: Total amount paid – $96,471 |
| 2 | 2015 Form 1040X for Orin Solomon | October 18, 2017 | Line 12(B): Federal income tax withheld – $214,409<br><br>Line 16: Total amount paid – $108,054 |
| 3 | 2015 Form 1040X for Orin Solomon | December 31, 2019 | Line 16: Total amount paid – $120,461 |
| 4 | 2016 Form 1040 for Orin Solomon | April 15, 2017 | Line 64: Federal income tax withheld – $3,101,551 |
| 5 | 2014 Form 1120S for Anjacor Marketing, Inc. | October 23, 2017 | Line 23a: Estimated tax payments – $1,334,981 |
| 6 | 2015 Form 1120S for Anjacor Marketing, Inc. | October 23, 2017 | Line 23a: Estimated tax payments – $1,131,562 |
| 7 | 2014 Form 1041 for Orin Solomon Family Trust | December 27, 2017 | Line 24e: Federal income tax withheld – $15,847,874 |
| 8 | 2014 Form 1041 for Orin Solomon Family Trust | March 16, 2021 | Line 24e: Federal income tax withheld – $9,573,827 |
| 9 | 2016 Form 1041 for Orin Solomon Family Trust | March 12, 2021 | Line 24e: Federal income tax withheld – $3,820,559 |

8

| COUNT | TAX RETURN | APPROXIMATE DATE OF FILING | FALSE ITEM(S) |
|---|---|---|---|
| 10 | 2017 Form 1041 for Orin Solomon Family Trust | March 12, 2021 | Line 24e: Federal income tax withheld – $3,838,586 |
| 11 | 2018 Form 1041 for Orin Solomon Family Trust | July 1, 2019 | Line 25e: Federal income tax withheld – $13,205,918 |
| 12 | 2018 Form 1041 for Orin Solomon Family Trust | April 12, 2021 | Line 25e: Federal income tax withheld – $4,451,505 |
| 13 | 2019 Form 1041 for Orin Solomon Family Trust | January 29, 2021 | Line 26: Total payments – $9,100,050 |
| 14 | 2021 Form 1041 for Orin Wayne Solomon Trust | October 17, 2022 | Line 26: Total payments – $500,931 |

26 U.S.C. § 7206(1)

## COUNT FIFTEEN
### (Theft of Government Funds)

29. The allegations of paragraphs 1 through 10 are realleged and incorporated herein as if set out in full herein.

30. On or about February 11, 2019, in the District of Maryland and elsewhere, the defendant,

**ORIN WAYNE SOLOMON,**

did willfully and knowingly embezzle, steal, purloin, and convert to his use and the use of another, any money and thing of value of the United States and any department and agency

9

thereof, with an aggregate value that exceeded $1,000, namely a United States Treasury income tax refund check in the approximate amount of $10,087,288.84 to which he was not entitled.

18 U.S.C. § 641

## COUNT SIXTEEN
### (Attempt to Evade and Defeat Tax)

31. The allegations of paragraphs 1, 3, 7, 8, 11, and 12 and are realleged and incorporated herein as if set out in full herein.

32. Between on or about January 4, 2016 and on or about the date of this Indictment, in the District of Maryland, the defendant,

**ORIN WAYNE SOLOMON,**

willfully attempted to evade and defeat the payment of income tax due and owing by him to the United States of America, for the calendar years 2010 through 2014 by committing the following affirmative acts, among others:

   a. Submitting fake financial instruments to the IRS in purported payment of his assessed liabilities, including purported cashier's checks, money orders, and bonds;

   b. Falsely claiming in correspondence to the IRS that he had paid his tax liabilities in full;

   c. Paying personal expenses from business and trust bank accounts instead of accounts in his own name;

   d. Registering an automobile in the name of LMT; and

   e. Transferring title to his personal residence to the name of MRMT.

26 U.S.C. § 7201

## COUNT SEVENTEEN
### (Attempt to Evade and Defeat Tax)

33. The allegations of paragraphs 1, 2, and 13 through 19 are realleged and incorporated herein as if set out in full herein.

34. During the calendar year 2017, the defendant,

**ORIN WAYNE SOLOMON,**

received taxable income, upon which there was substantial income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before April 17, 2018, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, **SOLOMON**, within the District of Maryland and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States for the calendar year 2017 by committing the following affirmative acts, among others:

    a. Filing and causing to be filed an incomplete Form 1120-S for Anjacor that did not include a Schedule K-1;

    b. Paying personal expenses from business bank accounts instead of accounts in his own name.

26 U.S.C. § 7201

## COUNTS EIGHTEEN THROUGH TWENTY
### (Attempt to Evade and Defeat Tax)

35.  The allegations of paragraphs 1, 2, and 13 through 19 are realleged and incorporated herein as if set out in full herein.

36.  During the calendar years set forth below, the defendant,

**ORIN WAYNE SOLOMON,**

received taxable income, upon which there was substantial income tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before the dates set forth below, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, **SOLOMON**, within the District of Maryland and elsewhere, willfully attempted to evade and defeat income tax due and owing by him to the United States, for the calendar years set forth below, by committing the following affirmative acts, among others:

a.  Filing and causing to be filed Forms 1120-S for Anjacor that listed the tax identification number for OWST # 2 instead of **SOLOMON's** Social Security Number.

b.  Paying personal expenses from business bank accounts instead of accounts in his own name.

| COUNT | CALENDAR YEAR | RETURN DUE DATE |
|---|---|---|
| 18 | 2018 | April 15, 2019 |
| 19 | 2020 | May 17, 2021 |
| 20 | 2021 | April 18, 2022 |

26 U.S.C. § 7201

## COUNTS TWENTY-ONE THROUGH TWENTY-FIVE
### (Failure to File Tax Returns)

37. The allegations of paragraphs 1, 2, and 13 through 19 are realleged and incorporated herein as if set out in full herein.

38. During the calendar years set forth below, the defendant,

**ORIN WAYNE SOLOMON,**

had and received gross income in excess of the filing thresholds set by statute. By reason of such gross income, he was required by law, following the close of calendar years set forth below, and on or before the due dates set forth below to make an income tax return to the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing all of the foregoing, he did willfully fail, on or about the due dates set forth below, in the District of Maryland and elsewhere, to make an income tax return.

| COUNT | CALENDAR YEAR | RETURN DUE DATE |
|---|---|---|
| 21 | 2017 | April 17, 2018 |
| 22 | 2018 | April 15, 2019 |
| 23 | 2019 | July 15, 2020 |
| 24 | 2020 | May 17, 2021 |
| 25 | 2021 | April 18, 2022 |

26 U.S.C. § 7203

## COUNT TWENTY-SIX
### (Bank Fraud)

39. The allegations of paragraphs 1, 2, and 20 through 26 are realleged and incorporated herein as if set out in full herein.

40. Between on or about July 28, 2020 and on or about August 26, 2020, in the District of Maryland and elsewhere, the defendant,

### ORIN WAYNE SOLOMON

did knowingly and intentionally execute and attempt to execute a scheme to defraud a financial institution, and to obtain money and property owned by, and under the custody and control of, such financial institution, by means of material false or fraudulent pretenses, representations or promises, namely by the submission of a PPP loan application and related documents on behalf of Anjacor to Bank A and Company A containing false and fraudulent representations concerning the number of employees and amount of payroll of Anjacor.

18 U.S.C. § 1344

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Counts 15 or 26 of this Indictment.

### Theft of Government Property Forfeiture

2. Upon conviction of the offense set forth in Count 15 of this Indictment, the defendant, **ORIN WAYNE SOLOMON**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### Bank Fraud Forfeiture

3. Upon conviction of the offense set forth in Count 26 of this Indictment, the defendant, **ORIN WAYNE SOLOMON**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following:

    a. a money judgment in the amount of proceeds the defendant obtained as a result of the theft of government property and the scheme to defraud;

    b. a 2015 silver Mercedes-Benz SL400 with VIN WDDJK6FA4FF033418;

    c. a one-ounce silver American Eagle coin.

### Substitute Assets

5    If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(A)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
David A. Hubbert
Deputy Assistant Attorney General
Department of Justice, Tax Division

A TRUE BILL:

**SIGNATURE REDACTED**

3/22/23
Date