### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 23-cr-00099-LKG |
| ) | |
| ORIN WAYNE SOLOMON, *et al.*, ) | Dated: October 2, 2025 |
| ) | |
| Defendants. ) | |

### ORDER GRANTING THE DEFENDANTS' MOTION TO CONTINUE TRIAL

The Defendants, Orin Wayne Solomon and Marquis Al Bey, have moved to continue the trial in this criminal matter, which is scheduled to begin on November 3, 2025. ECF Nos. 180, 202 and 204. The Government opposes this motion. ECF No. 192. No hearing is necessary to resolve this motion. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to continue (ECF No. 180); and (2) **VACATES** the remaining deadlines set forth in the Court's June 18, 2025, Amended Pre-trial Scheduling Order (ECF No. 135).

On December 7, 2023, a Federal Grand Jury sitting in the District of Maryland returned a Superseding Indictment charging Defendant Solomon with: (1) Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count 1); (2) Filing False Tax Returns, in violation of 26 U.S.C. § 7206(1) (Counts 2-15); (3) Aiding and Assisting in the Preparation of False Tax Return (Count 20); (4) Theft of Government Funds, in violation of 18 U.S.C. § 641 (Count 21); (5) Attempt to Evade and Defeat Tax, in violation of 26 U.S.C. § 7201 (Counts 23-27); (6) Failure to File Tax Return, in violation of 26 U.S.C. § 7203 (Counts 28-32); and (7) Bank Fraud, in violation of 18 U.S.C. § 1344 (Count 33). ECF No. 40. The Superseding Indictment also charges Defendant Al Bey with: (1) Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count 1); (2) Aiding and Assisting in the Preparation of False Tax Return (Counts 16-20); and (3) Theft of Government Funds, in violation of 18 U.S.C. § 641 (Count 22). *Id.* Pursuant to the Court's June 18, 2025, Amended Pre-trial Scheduling Order, trial is scheduled to commence in this matter on November 3, 2025. ECF No. 135.

The Speedy Trial Act generally requires that a trial begin "within 70 days of the filing of an information or indictment or the defendant's initial appearance." *Zedner v. United States*, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161(c)(1)). But "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" is excludable, if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). "Granting or denying a continuance under the Speedy Trial Act is a matter committed to the trial judge's sound discretion." *United States v. Bourne*, 743 F.2d 1026, 1031 (4th Cir. 1984) (citation omitted). Notably, the United States Court of Appeals for the Fourth Circuit has held that a denial of a request for continuance is wrongful where "denial prejudice[s] [the defendant's] case." *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995) (citing *United States v. Larouche*, 896 F.2d 815, 823 (4th Cir.), *cert. denied*, 496 U.S. 927 (1990)).

The Defendants seek to continue the trial in this case upon the grounds that both Defendants have recently obtained new Defense Counsel and Defense Counsel requires additional time to adequately prepare for trial. *See generally* ECF No. 180. In this regard, Defendant Solomon's newly retained counsel entered an appearance in this matter on September 2, 2025. ECF No. 169. Defendant Al Bey's counsel, Cynthia Frezzo, has also informed the Court that she will not be able to participate in the trial in this case, due to a medical condition. *See* ECF No. 204 at 2. Given this, Defendant Al Bey's new counsel entered their appearances in this case on August 27, 2025. *See* ECF Nos. 166, 167 and 168. And so, the Defendants argue with persuasion that they would be prejudiced, if new Counsel are not afforded additional time to prepare for trial, which will include the review of more than 135,000 discovery documents. *See* ECF No. 180 at ¶¶ 4-8.

Because the Court agrees that proceeding to trial based upon the current schedule would significantly prejudice the Defendants, the Court finds that a continuance of the trial date will serve the ends of justice, and that such a continuance would also outweigh the interest of the public and the Defendants in a speedy trial. *See* 18 U.S.C. §3161(h)(7)(A); *Hoyte*, 51 F.3d at 1245.

In light of the foregoing, the Court:

(1) **GRANTS** the Defendants' motion to continue (ECF No. 180); and

(2) **VACATES** the remaining deadlines set forth in the Court's June 18, 2025, Amended Pre-trial Scheduling Order (ECF No. 135).

The parties shall **FILE** a joint status report setting forth their availability to conduct the trial in this matter during the second half of 2026, **on or before October 16, 2025**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge